## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND (GREENBELT)

SHIRL YOUNG,                                    CASE NO. 8:20-cv-02574-PX
        Plaintiff,

   vs.

NOVO DEVELOPMENT CORPORATION
d/b/a NOVO PROPERTIES; NATIONAL
CREDIT SYSTEMS MARYLAND INC.
a/k/a NATIONAL CREDIT SYSTEMS, INC.;
LAW OFFICE OF BRETT M. BORLAND, P.C.;
EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES, LLC;
and TRANSUNION LLC;
        Defendants.

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### INTRODUCTION

Plaintiff Shirl Young brings this action to seek redress for the defendants' unfair and deceptive business practices, which have left her harmed with a tarnished financial reputation.  In short, Defendants NCS and Novo are making false statements about the Plaintiff's finances; stating that she owes money to NCS and Novo that she does not owe.  The fact that Young does not owe NCS or Novo any money is beyond dispute; a court had already directly ruled in Young's favor on that issue.  NCS is nevertheless reporting that false alleged debt to co- defendants TransUnion, Equifax and Experian, who in turn reports

the false debt to others.  By keeping that false debt on Ms. Young's credit report, the Defendants are not only damaging Ms. Young's reputation and interfering with her access to credit markets, but are causing her massive distress and uncertainty during trying times.

**ANSWER**:      Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## PARTIES

1.      Plaintiff Shirl Young is a natural person and resident of Largo, Maryland, and is a "consumer" within the meaning of the Maryland Consumer Protection Act.

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      Novo is a Washington DC corporation that owns and operates the Eaton Square Apartment Complex.

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      NCS is a Georgia collection agency that is a furnisher as defined in the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 *et. seq*., and a debt collector as defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Borland is a Georgia law firm that is a debt collector as defined in the FDCPA.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Experian is an Ohio corporation registered to do business in Maryland.  Its principal office is 505 City Parkway West, Orange, CA 92668.  Its registered agent in Maryland is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville, Timonium, MD 21093-2264.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Experian is a consumer reporting agency under 15 U.S.C. §1681a(f).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.      Equifax is a Georgia Limited Liability Company registered to do business in Maryland.  Its principal office is 1550 Peachtree St. NW, Atlanta, GA 30309.  Its registered Agent in Maryland is CSC-Lawyers Incorporating Service Company, 7 St. Paul St. Suite 820, Baltimore, MD 21202.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.      Equifax is a consumer reporting agency 15 U.S.C. §1681a(f).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9.      TransUnion is a Delaware Limited Liability Company.  It is registered to do business in Maryland, but forfeited its registration in 2016 for failure to file its 2016 property return.  Its principal office is 1013 Center Road, Wilmington DE 19805.  Its registered agent in Maryland is CSC-Lawyers Incorporating Service Company, 7 St. Paul St. Suite 820, Baltimore, MD 21202.

**ANSWER**:      Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

10.      TransUnion is a consumer reporting agency 15 U.S.C. §1681a(f).

**ANSWER**:      Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over this matter because the operative events in this Complaint took place in Prince George's County, the Defendants regularly transact business in Maryland, and the Defendants has availed themselves of the jurisdiction of this Court.

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12.      Plaintiff's brings claims against Defendants pursuant to the FCRA and the FDCPA. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1343 and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.      Venue is proper in this District under 28 U.S.C. § 1391(b).

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**STATEMENTS OF FACT**

14.     In January of 2019, Plaintiff moved into Eaton Square, and apartment complex owned and operated by Defendant Novo.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     In January of 2020, Plaintiff endured unsafe and insanitary living conditions because Defendant Novo failed to mitigate and repair water damage from a flood.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16.     On January 6, 2020, Plaintiff filed a rent escrow action with the District Court for Prince George's County.  See District Court for Prince George's County Case No.: 0501SP004382020.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

17.     On January 24, 2020 the Court established the rent escrow, ordered an inspection, and ordered the Plaintiff to deposit a check with the court for $1,300.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

18.     The Plaintiff paid $1,300 into the court escrow on January 24, 2020.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

19.     On February 25, 2020, a Judge for the District Court for Prince George's County ruled in Plaintiff's favor in the rent escrow action, terminating Plaintiff's lease with Defendant Novo and ordering

that Defendant Novo was not entitled to any of the money Plaintiff had paid into escrow, ordering the entire $1,300 escrow payment to be returned to the Plaintiff.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

20.    That same day, February 25, 2020, Plaintiff moved away from the apartment and on February 27, 2020 Plaintiff returned the rental key in the rent drop box.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.    Despite the fact that Plaintiff properly and legally opened a court escrow, made a timely payment, and received a lawful order from the court terminating the lease and returning the escrow payment to the Plaintiff because Defendant Novo was not entitled to any rent from Plaintiff, Defendant Novo pressured the Plaintiff for rent payments that she did not owe.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22.    In February, the Plaintiff received an "urgent" notice for failure to pay rent in the amount of $2,728 from Novo.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23.    Upon information and belief, in March of 2020, Novo hired Defendant NCS to collect the false debt from the Plaintiff.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.   In early April, Plaintiff received a collection letter from NCS demanding $2,989.77 from the Plaintiff for a purported debt that Plaintiff allegedly owed Novo.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.   In March, Plaintiff received a call from NCS where NCS demanded that Plaintiff pay an alleged $2,989.77 debt to Novo.  Plaintiff explained to NCS that she won the court escrow case and therefore the Plaintiff does not owe the rent payments.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26.   Plaintiff continued to receive calls from NCS about the false debt for several months after the lease was terminated by the court.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27.   Defendants NCS, Experian, Equifax, and TransUnion began reporting a delinquent collection account on the Plaintiff's credit report.  The trade line states that NCS is the furnisher and Novo is the creditor for the account:

**Date Reported: Jul 28, 2020**

| Collection Agency | NATIONAL CREDIT SYSTEMS INC | Balance Date | Jul 28, 2020 |
| Original Creditor Name | EATON SQUARE APTS | Account Designator Code | INDIVIDUAL_ACCOUNT |
| Date Assigned | Apr 27, 2020 | Account Number | xxxxx 86 |
| Original Amount Owed | $2,989 | Creditor Classification | Rental or Leasing |
| Amount | $2,989 | Last Payment Date | |
| Status Date | Jul 28, 2020 | Date of First Delinquency | Mar 19, 2020 |
| Status | UNPAID | | |

**Comments**

Consumer disputes this account information

**Contact**

NATIONAL CREDIT SYSTEMS INC
3750 NATURALLY FRESH BLVD
ATLANTA, GA  30349
1-404-629-9595

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28.    After Plaintiff saw the delinquent trade line stating that she owed a purported debt that she does not owe, she was shocked.  Not only did the Plaintiff have to suffer the flooded apartment, Novo's refusal to make repairs, the court escrow case and Novo's unlawful attempt to collect money that the Court ruled she does not owe, but now she also has to suffer Defendants falsely and publicly saying that she is not paying her bills.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

29.    On June 18, 2020, Plaintiff send a letter to the three major credit reporting agencies, Defendants Experian, Equifax, and TransUnion (together, "Defendant CRAs") disputing the NCS trade line.  The dispute letter stated:

> There is an error on my credit report.  National Credit Systems Inc (creditor is Eaton Square Apartment) trade line states that I owe $2,989 for an account that is in collections.  That is not true.  I do not owe that money.  The District Court of Maryland ruled that my lease was terminated, and the Court ordered that my $1,300 escrow be returned to me.  I won that court case, see the case in the District Court of Maryland for Prince George's County Case Name: Shirl Young vs.  Novo Properties, Case Number: RE5 438-2020

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

30.    In accordance with their duty under the FCRA, each of the Defendant CRAs sent Plaintiff's June 18, 2020 dispute letter to the furnisher, Defendant NCS.

**ANSWER**:    Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31.    Defendant Equifax sent Plaintiff an untimely response in the form of a letter dated June 29, 2020, stating that they were unable to locate her credit file, and demanding that Plaintiff send information that she already sent, plus additional documentation to verify her identity.  This request was unreasonable, and Defendant Equifax regularly shares Plaintiff's credit file with others who do not need to submit burdensome documentation.  For instance, Defendant Equifax shared Plaintiff's credit report with "On Deck Capital" on June 4, 2020.  It is unreasonable for Defendant Equifax to be able to locate Plaintiff's credit file for On Deck Capital without requiring burdensome documentation while having such trouble

locating her file when Plaintiff wishes to dispute an inaccuracy.  Further, Defendant Equifax was able to determine Plaintiff's identity because Defendant Equifax addressed its response letter to "Shirl Denise Young" and Plaintiff did not even include her middle name on her dispute letter.  Plaintiff did, however, include her first and last name, current address, former address, and full social security number.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.    Defendant TransUnion sent the Plaintiff an untimely response on June 30, 2020 updating her address and stating that the false NCS trade line was "VERIFIED AS ACCURATE."

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

33.    On July 10, 2020, Defendant Experian sent the sent Plaintiff an untimely response stating that its "… reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete." However, later in the letter, Defendant Experian listed the NCS dispute results as "Still Pending" with a "projected completion date" of July 31, 2020.  Plaintiff checked her credit report in August and saw that the NCS trade line continues to appear on her Experian credit report.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34.    Defendant NCS and Defendant CRAs failed to conduct reasonable investigations upon the Plaintiff's June 18, 2020 dispute letters.  As a result of the failure to conduct a reasonable investigation, the NCS trade line continues to report a false delinquent debt, and that false reporting continues to place Plaintiff's reputation in a false light because others have access to the false information.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35.    After Plaintiff experienced the decline in her credit standing, and realized Defendant NCS and Defendant CRAs were going to continue to report the false derogatory information about her even after she disputed the trade line, Plaintiff experienced bouts of emotional distress that included anxiety, frustration, knots in her stomach, and loss of sleep.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36.    At or around August 18, 2020, Plaintiff received a collection letter from an out-of-state law firm, Borland, demanding the payment of the same aforementioned Novo account.  The receipt of this collection letter drove the Plaintiff into even more emotional distress because it seemed like she was being blitzed with a multi-pronged attack to strong-arm her into paying a debt that she does not owe.  The fact that Plaintiff already won a case in court, and had to keep fighting so many months later exacerbates Plaintiff's suffering of emotional distress.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.     Since Plaintiff saw that her credit report had a false and inaccurate delinquency on it, she refrained from applying for credit which she otherwise would have applied for but for the false NCS delinquency.  Plaintiff was trying to get the loans to pay costs for her hair salon and transportation businesses.

**<u>ANSWER</u>**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

38.     Plaintiff did apply for credit after she sent dispute letters because she was determined to maintain her business during the Covid-19 pandemic.  Plaintiff was denied credit repeatedly.

**<u>ANSWER</u>**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

39.     Plaintiff was also in the process of applying for a home loan when the NCS delinquency appeared, and she stopped the process intentionally because her bank, Apple Federal Credit Union, recommended that she apply with a credit score of 720 or above.

**<u>ANSWER</u>**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

40.     Plaintiff was left with no other recourse than to file the instant lawsuit.  She already sued Defendant Novo with an escrow action and won, but Defendant Novo, with the help of the other Defendants, continues to pursue her for the false debt.

**<u>ANSWER</u>**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**COUNT ONE – Violation of the Maryland Consumer Debt Collection Act**
**(Against Novo, NCS, and Borland)**

41.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

42.    The Maryland Consumer Debt Collection Act, MD. CODE ANN., COM. LAW § 14-201 *et seq.* (the "MCDCA"), prohibits "collecting or attempting to collect an alleged debt" by "[c]laim, attempt, or threat[] to enforce a right with knowledge that the right does not exist." MD. CODE ANN., COM. LAW § 14-202(8).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

43.    Defendants Novo, NCS, and Borland claimed certain sums due from Plaintiff that they knew were not due based on the public record of the escrow case as described herein.  If Defendants Novo, NCS, and Borland did not have actual knowledge of these facts, then they recklessly disregarded them. At all times relevant to the Complaint, Plaintiff was current on her rent obligation and there was no basis whatsoever for Defendants Novo, NCS or Borland to attempt to collect any debt from Plaintiff.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44.    By attempting to collect debt with phone calls and collection letters while Plaintiff clearly did not owe the money they were attempting to collect, Defendants Novo, NCS and Borland violated the MCDCA by claiming, attempting, and threatening rights with knowledge that the rights did not exist.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45.    As a direct and proximate result of the defendants' actions, Plaintiff suffered actual damages including emotional distress.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT TWO – Violation of the Maryland Consumer Protection Act
### (Against Novo, NCS, and Borland)

46.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

47.    The debt collecting and reporting activities in which Defendants Novo, NCS, and Borland engaged, as set forth herein, are governed by the Consumer Protection Act, MD. CODE ANN., COM. LAW § 13-101, *et seq.*

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

48.    Section 13-303 prohibits unfair or deceptive trade practices in the extension of consumer credit or collection of consumer debts.  The collection of rent and purported rent deficiencies by Novo directly and indirectly through its authorized agents and employees involves the collection of debts.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

49.     The Maryland Consumer Protection Act defines unfair or deceptive trade practices to include, inter alia, the following:

(a)     False, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers; and

(b)     Failure to state a material fact if the failure deceives or tends to deceive.  Md. Code Ann., Com. Law § 13-301(1) and (3).

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

50.     Novo, NCS, and Borland made materially false, misleading oral or written statements, omissions, or other representations related to the status of the Plaintiff's rent payment history which had the capacity, tendency, or effect of deceiving or misleading the Plaintiff in violation of MD. CODE ANN., COM. LAW § 13-301(1).

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.     A violation of the MCDCA is also a violation of the Maryland Consumer Protection Act. MD. CODE ANN., COM. LAW § 13-301(14)(iii).

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

52.     As a direct and proximate result of the actions of Defendants Novo, NCS, and Borland, Plaintiff suffered actual damages including emotional distress.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT THREE – Violation of the Fair Credit Reporting Act – Failure to Investigate (Defendant NCS Only)**

53.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

54.     The FCRA requires that a furnisher such as Defendant NCS, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

55.     From at or before May of 2020 until the present, Defendant NCS has consistently provided inaccurate information about Plaintiff to Defendants Experian, TransUnion, and Equifax.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

56.     Plaintiff disputed the inaccurate information with each Defendant CRA.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a

denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

57.     Pursuant to the FCRA, Defendant CRAs each sent Plaintiff' disputes to the furnisher of the false information: Defendant NCS.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

58.     Even after Plaintiff's dispute, which referenced a court case and explained why she did not owe the debt, Defendant NCS continued to report the inaccurate rent delinquency on Plaintiff's credit reports.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59.     15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

60.     After receiving notice by Defendants Experian, Equifax, and TransUnion, as required by the FCRA, Defendant NCS engaged in conduct that violates 15 USC § 1681s-2(a), (b), by:

a.  Willfully failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.  Willfully failing to report the results of investigations to Defendants Experian, TransUnion, and Equifax;

c.  Willfully failing to report an accurate status of the inaccurate information to Defendants Experian, TransUnion, and Equifax;

d.  Willfully failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

e.  Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Defendants Experian, Equifax and TransUnion; and

f.  Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-2(a), (b).

**ANSWER**:   Trans Union denies the allegations of this paragraph, including its subparts, as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61.   In the alternative, the above-described violations were negligent.

**ANSWER**:   Trans Union denies the allegations of this paragraph, including its subparts, as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph

require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

62.     NCS's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are described above.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT FOUR – Violation of the Fair Credit Reporting Act – Failure to Investigate (Defendants Experian, Equifax and TransUnion)**

63.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

64.     The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice.  15 U.S.C. § 1681i(a)(2)(A).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

65.     The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the [sic]

dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer." Id.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

66.     Defendants Experian, TransUnion, and Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that the Plaintiff disputed.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

67.     Defendants Experian, TransUnion, and Equifax failed to review and consider all relevant information submitted by Plaintiff.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

68.     As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained damages.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from

Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### COUNT FIVE – Violation of the Fair Credit Reporting Act – Failure to Maintain Reasonable Procedures
### (Defendants Experian, Equifax and TransUnion Only)

69.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

70.     Despite receiving complaints and disputes from Plaintiff, Defendant CRAs have failed to correct the disputed erroneous information.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

71.     Defendants Experian, TransUnion, and Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 USC § 1681e(b).  The basis of this allegation is the fact that Plaintiff gave Defendant CRAs definitive proof of the status of the account, including case file numbers and a description of the court's Order, yet Defendant CRAs continued to report the false debt.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

72.     As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### COUNT SIX – Violation of the Fair Debt Collection Practices Act
### (Defendants NCS and Borland)

73.     The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

74.     Defendants NCS and Borland are "debt collector[s]" as defined by the Federal Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

75.     Defendants NCS and Borland are attempting to collect a debt that has no basis in contract or law from Plaintiff.  Even after a Court declared that Plaintiff owed no more rent, and the lease was terminated, Defendants NCS and Borland attempted to collect debt based on the terminated lease.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

76.     15 U.S.C. § 1692e(2)(A) prohibits a debt collector from false representation of the character, amount, or legal status of any debt.

**<u>ANSWER</u>**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

77.    Defendants NCS and Borland's consistent attempts to collect a false rent debt violate § 1692e(2)(A).

**<u>ANSWER</u>**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78.    As a proximate result of Defendants NCS and Borland's conduct, Plaintiff suffered concrete harm including emotional distress.

**<u>ANSWER</u>**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## CONCLUSION

WHEREFORE, Plaintiff prays that this Court:

A)    Find in favor of Plaintiff in counts 1–6;

B)    Award an amount of actual damages for each claim to be determined by a jury;

C)    Award punitive damages at an amount to be determined by a jury for willful violations of the FCRA against Defendant CRAs and Defendant NCS;

D)    Award the greater of $1,000 or actual damages against Defendants NCS and Borland under the FDCPA; and

E)    Award attorney's fees and costs pursuant to the fee-shirting statutes in counts 2-7

**ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


/s/ Robert J. Schuckit
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the

**14th day of October, 2020**.  Notice of this filing will be sent to the following parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Ingmar B. Goldson, Esq.<br>igoldson@goldsonlawoffice.com | Joseph Mack, Esq.<br>joseph@macklawonline.com |
|---|---|
| S. Mohsin Reza, Esq.<br>mohsin.reza@troutman.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following

parties via First Class, U.S. Mail, postage prepaid, on the **14th day of October, 2020** properly addressed

as follows:

| None. | |
|---|---|

*/s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Defendant Trans Union LLC*